## Glover and Others v. Hunter.

EVIDENCE.—BOOKS OF ACCOUNT.—A, who was collector of internal revenue for one of the collection districts of this State, brought suit against B and others upon a bond payable to A, and conditioned that B, who was a deputy collector, should faithfully discharge his duties as such, and pay over all moneys, &c. It appeared in evidence that B, by direction of A, was to deposit the money in a certain bank to the credit of A, and on the trial A offered in evidence a book kept by a former cashier of the bank, then dead, containing an account of moneys deposited by B to the credit of A. One of the then officers of the bank testified that the book was found among the books of the bank at the death of the late cashier, and contained many other deposit accounts with other parties, but that none of these accounts appeared upon the regular deposit account book of the bank; that the bank had adopted the book as a regular deposit book, and had settled the accounts of depositors contained in it; that prior to the death of the cashier, the other officers of the bank did not know of the existence of this book, and that in the opinion of the witness it was the private book of the cashier.

*Held*, that the book was properly admitted in evidence as one of the books of the bank.

APPEAL from the *Lawrence* Common Pleas.

GREGORY, J.—*Hunter* sued the appellants on a bond exe-

cuted by *Glover* and his sureties to him as collector of the internal revenue of the *United States* for the third collection district 'of this State, conditioned that *Glover* would faithfully discharge the duties of the office of deputy collector of the fourth division of said district according to law, and would faithfully account for and pay over to *Hunter*, as such collector, all public moneys which might come to his hands as such deputy. The breach complained of was the failure of *Glover* to pay over moneys collected by him as such deputy.

The defendants, among other things, pleaded payment; to which the plaintiff replied by the general denial. Trial by jury. Verdict for the plaintiff. Motion for a new trial overruled. The evidence is in the record. The error complained of is the overruling of the motion for a new trial. The ground of the motion was an alleged error of law occurring at the trial in the admission of improper evidence on the part of the plaintiff.

It appeared in evidence that *Glover* was to deposit to the credit of *Hunter*, in the branch of the Bank of the State, at *Bedford*, all moneys collected by him, as the same were received, reserving only his fees. The defendants, to maintain the issues on their part, introduced one *Winstanley* as a witness, who testified that he had been an officer in the bank since the death of one *Thornton*, late cashier thereof, in *September*, 1864; that *Thornton* had been cashier for several years prior to his death; that prior to *Thornton's* death, there did not appear upon the regular books of the bank any deposit account of the plaintiff with the bank, nor any thing showing deposits of money made by *Glover* in the bank to the credit of *Hunter*. Upon cross-examination the witness was shown two books, then produced in open court, and testified that one of the books was the regular deposit account book kept by the bank; that the other was a book which was found among the books of the bank at the death of *Thornton;* that *Thornton's* son told witness that *Thornton* called it an irregular deposit account book.

It was, in witness' opinion, the private book of *Thornton*. This book contained the deposit accounts of the bank with a large number of persons who held the obligations of the bank for the payment of their deposits. The deposits made in the bank by *Glover* and others to the credit of *Hunter* appear only on this book. Upon the death of *Thornton*, the bank adopted this book as a regular deposit account book of the bank; and had since settled with nearly all the depositors whose accounts appear in this book, and the entries were found correct. None of the deposit accounts on this book appeared upon the regular deposit account book of the bank. But upon the death of *Thornton*, the balance standing on the irregular deposit account book to *Hunter's* credit was transferred to the regular books of the bank, and his account continued on the regular books; that prior to the last illness of *Thornton*, the other officers of the bank did not know of the existence of this irregular deposit account book, so far as witness' knowledge extended.

This irregular account book was introduced in evidence by the appellee over the objection of the appellants. This presents the question in the case. The ground of the objection was fully stated to the court below. Was this proper evidence? There had been proof introduced that *Glover* had, from time to time, deposited to the credit of *Hunter* in the bank money collected by the former. *Glover* himself was a witness; a part of the time he had kept a pass book, but for most of the time he trusted to his memory for the sums he had deposited. We think, under the circumstances, that the book was properly admitted in evidence.

Mr. GREENLEAF, in speaking of the admissibility of entries made by clerks and third persons, says: "The other class of entries consists of those which constitute parts of a chain or combination of transactions between the parties, the proof of one raising a presumption that another has taken place. Here, the value of the entry, as evidence, lies

in this, that it was contemporaneous with the principal fact, forming a link in the chain of events, and being part of the *res gestæ*. It is not merely the declaration of the party, but it is a verbal contemporaneous act, belonging, not necessarily, indeed, but ordinarily and naturally to the principal thing. It is on this ground that this latter class of entries is admitted, and therefore it can make no difference as to their admissibility whether the party who made them be living or dead, nor whether he was, or was not, interested in making them, his interest going only to affect the credibility or weight of the evidence when received." 1 Greenl. on Ev., § 120.

We think, under the proof, that the book given in evidence was one of the books of the bank. There is no statute prescribing the manner of keeping bank accounts. The book in question was found, at the death of *Thornton*, among the books of the bank. It was found to contain correctly the deposit accounts of many of the customers of the bank. The bank, after the death of *Thornton*, adopted it, and treated it as one of the books of the bank. The opinion of *Winstanley* could not change the facts. The court below committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*A. B. Carlton* and *P. A. Parks*, for appellants.

*M. Malott, B. M. Cobb, S. H. Buskirk* and *J. S. Broadwell*, for appellee.