## PLACE v. BAUGHER.

[No. 19,871.   Filed October 7, 1902.]

EVIDENCE. — *Books of Account.* — *Res Gestæ.*—As sawlogs were delivered to the purchaser at his sawmill, the measurements of such purchaser were entered upon a piece of smooth plank, and on the same day transcribed and entered upon his general books of account.   *Held*, that the entries in the books were a part of the transaction of the delivery and measurement of the logs, and were admissible in evidence to show the number of feet of sound timber.

From St. Joseph Circuit Court; *W. A. Funk*, Judge.

Action by Ira F. Place, against John W. Baugher. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*Andrew Anderson, James DuShane* and *W. G. Crabill*, for appellant.

*B. F. Shively, H. R. Wair* and *F. J. L. Meyer*, for appellee.

JORDAN, J.—This action was originally instituted against appellee by appellant in the court of a justice of the peace to recover $152.25, a balance alleged to be due and unpaid on a claim for 43,294 feet of logs sold and delivered by appellant to appellee at the agreed price of $10 per thousand feet.   Appellee claimed that the logs received by him according to measurements contained only 27,126 feet of sound timber, and that by mistake he had paid appellant more than was actually due him for the logs, the excess as claimed by him amounting to $20.23, for which amount, under his pleading, he demanded judgment.   A trial in the justice's court resulted in a judgment against appellant in favor of appellee for $20.23, from which judgment the former appealed to the circuit court, wherein appellee was awarded a judgment for a like amount, from which appellant appealed to the Appellate Court before the taking

Place *v.* Baugher.

effect of the act of March 12, 1901. By virtue of an act of the General Assembly approved March 13, 1901, the appeal was transferred to this court.

The real question involved is in respect to the number of feet of sound timber received by appellee from appellant. It is insisted by the latter that a new trial ought to have been granted for two reasons: (1) Because the court erred in allowing appellee to introduce his book of accounts in evidence; and (2) in permitting him to introduce evidence in relation to a general custom or usage which it is claimed existed in the county of St. Joseph and in the northern portion of the State of Indiana, to the effect that in the sale of logs to a millman the measurements made by the latter are taken and considered in a settlement made between the seller and the purchaser as the basis of settlement.

It appears from the evidence that appellee operated a sawmill at the town of Walkerton, in St. Joseph county, Indiana, and the logs in dispute were purchased by him of appellant in the years of 1896 and 1897,—some four years and over before the trial in the lower court. Appellee was a witness in his own behalf and testified to the delivery of the logs at his sawmill by men in the employ of appellant. The principal part of the logs were measured by appellee at his mill-yard as they were delivered, and the number of feet of sound timber contained in each log, according to his measurement and scaling, was inscribed at the time on a piece of smooth plank, and at the close of each day's transaction he would transfer and enter these measurements in a daybook or journal of accounts, and afterwards would transfer and enter them in his general ledger. A number of the logs it appears were measured by one McDaniel, who was assisting appellee in operating the sawmill, and these measurements on the same day they were made were also entered by appellee and McDaniel in the daybook. McDaniel testified that the measurements made by him were correct. Appellee testified that he remembered of the logs being deliv-

ered at his mill by the employes of appellant, and that he and McDaniel made the measurements as stated, and that his books exhibited the total and correct number of feet of sound timber delivered at his mill by appellant; but he further testified that he could not state from memory alone the result of his measurements, without referring to his book of accounts in which he had entered the measurements as heretofore stated. Over the objections and exceptions of appellant the court permitted him, as a part of his evidence, to read the entries in question from his daybook or journal of accounts. It is contended by counsel for appellant that this, in effect, was the introduction or admission of appellee's books in evidence in his own favor, and therefore the court, in so ruling, erred.

The law in this State relative to the admission in evidence of a party's account-books in his favor is somewhat unsettled; the decision in each case seemingly is controlled by the particular circumstances. In *DeCamp* v. *Vandagrift,* 4 Blackf. 272, which was an action of assumpsit, it was held that the plaintiff's book of accounts, in which he had charged the items for which he sued, were not admissible to support his demand, for the reason that the admission of the books, under the circumstances in that case, would be violative of the common law of England as adopted in this State.

In *Pittsburgh, etc., R. Co.* v. *Noel,* 77 Ind. 110, which was an action to recover against a railroad company for the burning of a rick of wood, this court held that the trial court properly ruled in refusing to allow the defendant to put in evidence certain entries made in its own books. Woods, J., speaking for the court, said: "They were not *res gestae* nor public records. They were private entries in the private books of the company made by its agents in the course of their business, but not on that account admissible as evidence, however useful they may or might have been as memoranda, to be used in refreshing the memory of the

witness who made them." But books or journals of accounts have been held admissible where the entries therein constituted a part of the *res gestae. Glover* v. *Hunter,* 28 Ind. 185; *Fleming* v. *Yost,* 137 Ind. 95.

The books of a bank kept in the usual course of business have been held admissible for the purpose of showing the state of the depositors' accounts. *Culver* v. *Marks,* 122 Ind. 554, 7 L. R. A. 489, 17 Am. St. 377. See, also, *Johnson* v. *Culver,* 116 Ind. 278.

But the point, as here presented, does not involve the mere naked question of the introduction of appellee's daybook. As disclosed by the facts, he testified that the logs were delivered at his mill; that he measured the principal portion thereof, and as a part of the transaction or matter of measuring them he would enter in writing upon a board used for that purpose the number of feet of sound timber contained in each log as ascertained by his measurement and scaling. These measurements, so temporarily made, were on the same day transferred to and entered by him in his regular daybook or journal of accounts. He stated that the entries in respect to the number of feet and the dates on which the logs were received at his mill as entered in his book were correct. As disclosed, several years had passed since the transaction, and without reference to his books he was unable, as he testified, to give from memory alone the number of feet contained in each log which he had measured. Under these circumstances the trial court permitted him to refer to his book, and from an examination thereof to state or read therefrom as a part of his own evidence the number of feet of timber as therein entered and received by him from appellant. In so ruling under the circumstances the court did not err. The witness, as shown, made the entries himself. They were the *res gestae,*—a part of the transaction of the delivery and measurement of the logs,—and the admission of the evidence under the circum-

stances was not that which was merely exhibited by the books wholly unexplained.

We do not consider the second alleged error relative to the admission of evidence to prove the custom or usage in controversy, and therefore the question whether such custom is unreasonable, as claimed by appellant, is not determined, for the reason that there is evidence fully showing that it was agreed to and understood by appellant that appellee was to do the measuring and scaling of the logs at his mill. There is also evidence disclosing that appellee would sometimes measure the logs in the presence of appellant's employes who hauled and delivered them to the mill-yard, one of these being appellant's own son. The latter would sometimes, as testified to by appellee, dispute with him in regard to the number of feet of sound timber in some of the logs as shown by appellee's measurements and scaling, and thereupon appellee would state to him that if he did not want to accept his measurements he need not leave the log at the mill; but in each instance the log was left at the mill. Appellant on the trial was permitted to introduce evidence to support so far as he could what he claimed was the number of feet of sound timber delivered by him to appellee. The lower court, it appears, regarded the evidence which appellee gave as a witness in his own favor in respect to the actual number of feet of sound timber contained in each log delivered at his mill as the most satisfactory and reliable, and rendered its judgment accordingly. If the evidence in regard to the question of custom be rejected there still, in our opinion, remains ample undisputed evidence to justify the finding of the trial court; hence, under the circumstances, if it were conceded that the court erred in admitting the evidence in respect to the custom or usage in dispute, such error would be harmless.

We conclude that the judgment should be, and is, therefore, affirmed.