## SEIBERLING & CO. *v.* PORTER.
[No. 20,621. Filed May 23, 1905.]

1. REPLEVIN.—*Prior Demand.—Goods in Custodia Legis.*—Where the defendant in a replevin suit is the sheriff, who disclaims title, and by order of court is permitted to turn over the property to the custody of the court, and the other claimant is made a party, the question of prior demand is not material, the only question being, who is entitled to the possession of the property. p. 9.

2. TRIAL.—*Mortgagee's Sale.—Attaching Creditors.—Proceeds.—Replevin.*—Where the evidence shows a mortgagee's sale of chattels; that an attaching creditor was about to serve a writ of attachment upon the goods and prevent the sale; that the clerk of such sale in the absence of the mortgagee agreed with the attorney of such creditor to permit the sale to proceed and to turn over the amount of the creditor's claim to the sheriff and then determine in the suit to whom it belonged, a verdict in favor of such mortgagee in a replevin suit against such sheriff is sustained by the evidence. p. 10.

3. APPEAL AND ERROR.—*Weighing Evidence.—Conflict.—Civil Procedure Act of 1903.*—Where there is a conflict in the evidence, even though the case falls within the provisions of the act of 1903 (Acts 1903, p. 338, §8), the Supreme Court will not disturb the decision of the trial court. p. 12.

From Laporte Circuit Court; *John C. Richter*, Judge.

Action by William F. Porter against Edward O. Craft, for whom J. F. Seiberling & Co. was substituted as defendant. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*L. Darrow, H. W. Worden* and *Elias D. Salsbury,* for appellant.

*F. E. Osborn* and *W. A. McVey,* for appellee,

MONKS, C. J.—Appellee, on October 3, 1903, commenced this action in the court below, against one Craft, to recover possession of certain personal property described in the complaint.   Said Craft entered an appearance to said action, and filed a pleading which reads as follows: "Said Edward O. Craft, defendant, now comes and waives the issuing and service of process herein, and also waives the issuing and service of a writ of replevin, and, for answer to said complaint, says, that he has possession of all the property described in said complaint and that he obtained and has held possession thereof under the following circumstances: that on or about the ———— day of ————, 1902, there was commenced in this court an action by Seiberling & Co., which defendant is informed is a corporation, against Columbus Cole, and that a writ of attachment was therein issued against the property of said Cole, and placed in the hands of this defendant, who was at the time, and still is, sheriff of said Laporte county, and that when, by his deputy, James McGraw, he was about to levy said writ of attachment, some arrangement, the exact nature of which defendant is not aware of, was made by said Seiberling & Co., through its attorney, by which said property described in the complaint was placed in the hands of said James McGraw, and that said attachment suit was dismissed and that McGraw turned said property over to this defendant, and that soon thereafter the same was claimed and demanded by said plaintiff William F. Porter, and that the same was demanded and is also claimed by said Seiberling & Co.; that this defendant makes no claim of title to said property, and only desires that it may be turned over to the party lawfully entitled thereto.   Wherefore, said defendant asks that he may be allowed to turn said property into court, for the use of whoever may be legally entitled thereto, and for that purpose he now delivers the same to the clerk of this court, and asks that said Seiberling & Co. may be

made a party to this proceeding in his stead, and that he may be discharged without further costs."

Appellant, a corporation, appeared and filed a written motion asking that the prayer of said Craft be granted, and that said appellant be made a party defendant to said action. Thereafter such proceedings were had that said Craft was ordered to deliver said money and notes in controversy to the clerk of said court, which he then and there did, and was by order of court released and discharged from further liability, and appellant was by order of court made a defendant in said cause. Appellant did not file any answer or other pleading claiming any right or title to said personal property. A trial of said cause resulted in a finding in favor of appellee, and, over a motion for a new trial, a judgment that the clerk of said court deliver to him said promissory notes and money.

The errors assigned are (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that the court erred in overruling appellant's motion for a new trial.

The objection urged to the complaint is that it is not alleged therein that appellee demanded of Craft the possession of the property in controversy before the commencement of this action. It will be observed that Craft alleged in the pleading filed by him that appellee, as well as appellant, had demanded of him possession of said property. Whether such an allegation was essential to the sufficiency of the complaint against Craft we need not determine, for, after he delivered said property to the clerk under the order of the court, and obtained his discharge, and appellant was made a defendant, that question was not material. The only question to be determined was whether appellee or appellant was entitled to the possession of said property.

The only causes for a new trial properly presented for

determination under the rules are (1) that the decision of the court is not sustained by sufficient evidence; (2) that the same is contrary to law.   There was evidence to the effect that appellee held a chattel mortgage executed by one Cole on certain personal property to secure an indebtedness of $820 of said Cole to appellee, evidenced by two promissory notes; that it was considered necessary by appellee and said Cole to sell the property described in the mortgage to pay said indebtedness, and for this purpose it was agreed by said parties that more would be realized if the same was sold at public auction in the usual manner, and the public should not be informed that the same was in reality a mortgagee's sale.   It was further agreed that one Antrim should act as clerk of said sale, and receive and turn over the proceeds thereof to appellee, and that said Cole should not receive or handle any part of such proceeds.   If there was any controversy about its being a forced sale, Antrim was to tell the people that it was not a forced sale; that appellee had not compelled the sale, but the property was being sold to pay his claim, and that said Antrim was to hold and turn over the proceeds of the sale to him.   On March 2, 1903, the day set for said sale, and before it commenced, an attorney for appellant, a creditor of said Cole, came to the place of sale, accompanied by a deputy sheriff, and notified said Antrim and Cole that said deputy sheriff had a writ of attachment issued in a cause commenced by appellant against said Cole, and that the same would be levied upon the property to be sold, and the sale thereby stopped, unless some arrangement was made in regard to appellant's claim of $119 against Cole.   Cole informed said attorney that he had nothing to do with said sale; that the property to be sold belonged to appellee, he having a mortgage thereon.   It was finally agreed that the sale should proceed, and that said Antrim would deliver to the deputy sheriff, of the proceeds of said sale, $119, the amount of appellant's claim against Cole, the same to be de-

livered by said deputy to the sheriff, Craft, to be held by him until it was decided whether appellant or appellee was entitled to the same.   Appellee was not present at said sale, and had no knowledge of said arrangement until after said property had been delivered to Craft, the sheriff.   The proceeds of the sale amounted to something over $400, and Antrim, under the agreement made on the day of the sale, delivered two promissory notes and $31 in money, amounting to $119, to the deputy sheriff, who delivered the same to Craft, the sheriff.   The remainder of the proceeds of the sale was delivered by Antrim to appellee Porter.   Three days after said sale appellee demanded of said Craft the possession of the two promissory notes and the $31 in money, which he refused to surrender.   Said writ of attachment was not served, but said action was, on April 3, 1903, dismissed.

Under this evidence we can not say that the finding was not sustained by sufficient evidence, or that the same was contrary to law, and can not, therefore, disturb the finding and judgment of the court.   Said evidence authorized the court to find that said property was sold by appellee, the mortgagee, to pay the indebtedness secured by the mortgage; that Antrim was the special agent of appellee to receive and turn over to him, as his property, the proceeds of said sale. The fact that appellee and Cole attempted to create the impression that the sale was not a forced one, in order thereby to sell the property for a better price, can not make the sale other than what it really was, a sale to pay the indebtedness secured by said property.   The agreement of Cole and Antrim that the sheriff should hold the promissory notes and money in controversy until it was decided whether they belonged to appellee or appellant in no way deprived appellee of his right thereto or gave appellee any interest or right therein.   It is true, there was a conflict in the evidence in regard to the agreement made on the day of the sale, under which the property in controversy was delivered

to the sheriff.   Appellant introduced testimony to the effect that Cole, the mortgagor, disputed the amount of the claim in the attachment suit, and claimed that he could settle it for less, and it was agreed between appellant's attorney and Cole that the proceeds of said sale, amounting to $119, should be turned over to the sheriff, to hold for two days to enable Cole to make settlement with appellant for a less amount, if he could, and if at the end of that period he had not done so, the money and notes were to be turned over by Craft, the sheriff, to appellant, in full settlement of the claim of said company against Cole.   Appellant claims title to the property in controversy under this agreement.

The evidence of appellant's witnesses, being in conflict with that which sustains the decision of the court, can not be considered in the determination of the sufficiency 3.   of the evidence to sustain the same, for the reason that this court can not weigh the evidence.   *National State Bank* v. *Sanford Fork, etc., Co.* (1901), 157 Ind. 10, 15, and cases cited; *Miller* v. *Dill* (1898), 149 Ind. 326, 336; *Smith* v. *McClure* (1896), 146 Ind. 123.

Even if this case falls within the provisions of section eight of the act of 1903 (Acts 1903, p. 338), as insisted by appellant—a question we do not decide—we could not, under the rule declared in *Parkison* v. *Thompson* (1905), 164 Ind. 609, disturb the finding of the trial court.

The case of *Maier* v. *Freeman* (1896), 112 Cal. 8, 44 Pac. 357, 53 Am. St. 151, cited by appellant, has no application to the facts of this case.

Judgment affirmed.