MORTON T. CULVER, Appellee, *vs.* CHARLES WATERS.— (JACOB GLOS *et al.* Appellants.)

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. STATUTES—*usual meaning must ordinarily be given words of statute.* The words used in a statute will ordinarily be given their usual and popular meaning by the courts, and before denying a word its usual meaning courts must be certain they are following the legislative intent in so doing.

2. REGISTRATION OF TITLES—*what is essential to entitle owner to include several pieces of land in one application.* To entitle an owner to include several pieces of land in one application, as authorized by section 12 of the Torrens law, the several pieces must form one compact body or the several pieces must have the identical chain of title.

3. SAME—*when lots are not contiguous within meaning of section 12 of the Torrens law.* Lots in different blocks separated by a street, or lots in the same block separated by lots owned by other persons, are not within the meaning of section 12 of the Torrens law, authorizing any number of contiguous pieces of land in the

same county and owned by the same person to be included in one application, as the word "contiguous" means "touching" or in "actual contact."

4. SAME—*"same" chain of title means "identical" chain.* Lots owned by the same person in different subdivisions do not have the "same" chain of title, within the meaning of section 12 of the Torrens law, even though the chain of title is the same from the government down to a certain year, but is then broken, as the word "same," as used in such statute, means "identical."

5. SAME—*when affidavit for introducing secondary evidence is sufficient.* Section 35 of the Conveyances act, relating to the introduction of secondary evidence of a deed if it shall appear to the satisfaction of the court that the original deed is "lost or not in the power of the party wishing to use it," is in the alternative, and an affidavit under such section need not show that the deed is lost and also not in the power of the party wishing to use it.

6. SAME—*when abstracts of title are not entitled to admission under section 18 of Torrens law.* Testimony that an abstract of title was "ordered in the regular course of business" from a company engaged in the business of making abstracts of title is not sufficient to entitle such abstract to admission under section 18 of the Torrens law, authorizing the admission in evidence of "any abstract of title, or certified copy thereof, made in the ordinary course of business by makers of abstracts."

7. SAME—*section 18 of Torrens law is not invalid because not adopted by vote of people.* The fact that section 18 of the Torrens law, which became a part of the law by amendment after the original act was adopted by a vote of the people, is not invalid because the amendment was not adopted by such a vote, as there is no requirement of law to that effect; nor is such section invalid on other grounds. (*Brooke* v. *Glos,* 243 Ill. 392, adhered to.)

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

MORTON T. CULVER, *pro se.*

Mr. JUSTICE CARTER delivered the opinion of the court:

December 11, 1909, the appellee filed in the office of the clerk of the circuit court of Cook county his application asking to have his title to twelve lots in the village

of Glencoe registered pursuant to the act concerning land
titles. (Hurd's Stat. 1909, p. 530.) Seven of these lots
are in block 2 and two are in block 4, in Hartwell's addi-
tion to Glencoe. The two blocks are just across the street
from each other. The other three lots are in Culver &
Johnson's addition to Glencoe, a subdivision immediately
adjoining, on the east, Hartwell's addition, one of the said
last mentioned lots being in block 3 and the other two in
block 6, these two blocks also being immediately across the
street from each other. The plats introduced in evidence
show that many of the lots are separated and scattered with
regard to each other. Two lots is the largest number in
actual contact. The two lots most widely separated are
two blocks apart; others have two or three lots between
them. It was alleged in the application that the lots are
occupied by the applicant as owner, except as to certain
lots which are occupied by tenants under the applicant, and
that certain other persons claimed some interest or estate
in the premises, among them being Jacob Glos and August
A. Timke, appellants herein. The last named persons de-
nied the ownership of applicant and opposed registration.
On motion of appellant Glos the matter was referred to
the examiner of titles to investigate and report whether
said lands were located contiguous to each other or were
derived through the same chain of title, so as to entitle
them to be registered, under section 12 of said act, in the
same proceeding. That section reads: "Any number of
contiguous pieces of land in the same county, and owned
by the same person, and in the same right or any number
of pieces of property in the same county having the same
chain of title and belonging to the same person may be in-
cluded in one application." (Hurd's Stat. 1909, p. 532.)
The examiner reported that while the several lots were not
contiguous, the chain of title was substantially the same.
Exceptions filed by appellants were overruled and the re-
port approved. The cause was then re-referred to the ex-

aminer of titles to investigate and report on the merits. After a hearing he reported that the applicant was the owner of the premises and entitled to have the same registered upon reimbursing said Glös for certain expenditures made by him and for the payment of subsequent taxes, and that said tax titles were void. The objections filed to this report were overruled by the examiner and by order of the circuit court were allowed to stand as exceptions. These exceptions were thereafter overruled by the court and a decree entered ordering registration of title. From that decree this appeal has been prayed to this court.

The contention is made on one side and denied on the other that the lots are contiguous, as that term is used in said section 12, and that the applicant obtained all of these lots by the "same chain of title." The first and ordinary meaning of contiguous is, "in actual contact; touching." (Webster's New Int. Dict.) "Touching; meeting or adjoining at the surface or border." (Century Dict.) These definitions accord with the meaning generally given to this word. All of the lots here in question cannot be said to be contiguous under this definition.

There is no question as to the chain of title being the same from the government down to the year 1863. At that time the chain was broken. The ordinary meaning of the word "same" is "identical;" "identical in substance or numerically;" "of one nature, degree or amount." (Century Dict.; Webster's New Int. Dict.) The intent of the legislature is to be found in the ordinary meaning of the words of the statute. When the sense will bear it, the usual and popular meaning must be given to the words. (*Stuart* v. *Hamilton*, 66 Ill. 253; *Wheeler* v. *Wheeler*, 134 id. 522.) Before denying the word its ordinary meaning the courts must be sure that they are following the legislative intention. (2 Lewis' Sutherland on Stat. Const.—2d ed.— par. 437.) It is conceded that these lots do not all have an identical chain of title. It seems clear that it was the in-

tention of the legislature that there should either be one compact piece of property, or if the pieces of property were separated, that then all should have an identical chain of title, in order to include the property in one application. To construe the statute otherwise would not be in accordance with the plain and ordinary meaning of the words used. The trial court improperly held that all of these lots were obtained by "the same chain of title."

Appellants further argue that certain affidavits offered in order to permit secondary evidence as to the title to be introduced before the master do not conform to section 35 of the Conveyance act, which requires that such affidavits must show, to the satisfaction of the court, that such instrument "is lost or not in the power of the party wishing to use it." The affidavits objected to show clearly that the documents in question were not in the power of the party wishing to use them, and are in that regard in conformity with the statute. An affidavit, under said section 35, is not required to show that such documents are lost and also out of the power of the party wishing to use them. The statute reads in the alternative. The objections to the affidavits are not within the reasoning of the authorities cited by appellants.

In introducing abstracts of title to make his *"prima facie* evidence of title" under section 18 of the Torrens law the applicant testified that such abstracts were "ordered in the regular course of business" from the Security Title and Trust Company, a corporation engaged in the making of abstracts for hire in Cook county. This proof does not conform to the requirements of the statute. Section 18 on this point reads: "The examiner may receive in evidence any abstract of title or certified copy thereof, made in the ordinary course of business by makers of abstracts." This does not mean abstracts ordered by the owner of the property in the usual and regular way that abstracts are ordered by such owner, but that the abstracts must be made by the

abstracters in the regular course of their business. Whether this is a wise provision of the statute is for the legislature and not for the courts. To construe the language as contended for by counsel for the appellee is not reasonable or natural. To so construe it would do violence to the plain meaning of the words used. We are disposed to hold, also, that the proof on this point was deficient in other respects, under the reasoning of this court in *Waugh* v. *Glos,* 246 Ill. 604.

It is further argued at length by counsel for appellants, with the citation of many authorities, that section 18 of the said act is unconstitutional. The same argument was made and the same authorities were cited by the same counsel in *Brooke* v. *Glos,* 243 Ill. 392. The identical question raised here has been raised and passed upon by this court in *Brooke* v. *Glos, supra.* Counsel concedes that fact but insists that that decision is wrong, or if not wrong, that it does not pass upon one question as to the constitutionality of said section raised in the present brief, namely, that the act originally was adopted by a vote of the people, whereas section 18 as it now stands is a part of the law by amendment passed by the legislature in 1907; that this amendment was not submitted to a vote of the people, and that therefore said section 18 is void. There is no basis for this contention. The fact that the original act was adopted by a vote of the people does not require that every amendment made by the legislature must also be submitted to the people for their approval. We see no reason to change our ruling in *Brooke* v. *Glos, supra,* as to the constitutionality of this section.

This case will be reversed and the cause remanded to the circuit court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded, with directions.*