## MONTGOMERY *v.* PIERSON.

[No. 24,846.	Filed December 11, 1924.]

1. APPEAL.—*Insufficiency of Evidence.—Evidence Considered.*— In determining whether the evidence was sufficient to sustain the finding of the court, the appellate tribunal must accept as true the evidence that the trial court believed and acted upon.	p. 477

2. APPEAL.—*Insufficiency of Evidence.—Rule Stated.*—An appellate tribunal cannot disturb the finding of the trial court if it is supported by evidence, whatever evidence there may be to the contrary.	p. 477.

3.  DEEDS.—*Suit to Set Aside for Undue Influence.*—*Mental Condition of Grantor.*—*When Admissible.*—In a suit to set aside a deed for undue influence of the defendant over the grantor, who was alleged to have been old and in a weakened condition of mind and body, evidence by the defendant that the grantor, at the time of the execution of the deed and for a period prior thereto, was rational and her mind clear was admissible to rebut the evidence of plaintiff's witnesses to the contrary. p. 479.

4.  APPEAL.—*Review.*—*Harmless Error.*—In a suit to set aside a deed for undue influence of the defendant over the grantor, it was error, in the absence of any issue as to the soundness of the grantor's mind, to permit in evidence the opinions of witnesses as to her soundness of mind, but where the record indicates that the right result was reached, the error will be considered harmless, and a judgment will not be reversed for harmless error.  p. 479.

5.  EVIDENCE.—*Res Gestae.*—*Statements of Grantor After Execution of Deed.*—The statements of a grantor made more than a month after the execution of a deed as to her reasons for executing it are not *res gestae* so as to make them admissible in a suit to set aside the deed on the ground of undue influence, as such statements are not competent to prove or disprove undue influence.  p. 480.

From Bartholomew Circuit Court; *John W. Donaker,* Judge.

Suit by Otto C. Montgomery against Goldie E. Pierson.  From a judgment for defendant, the plaintiff appealed to the Appellate Court.  (Transferred to the Supreme Court under §1394 Burns 1914, Acts 1910 p. 567, §10.)  *Affirmed.*

*Fae W. Patrick, Clarke & Clarke, Edward P. Elsner* and *Rynerson & Long,* for appellant.

*Seba A. Barnes,* for appellee.

PER CURIAM.—Action by appellant to set aside a deed for thirteen acres of land upon the ground that the same was procured by undue influence.  Appellant is the son and appellee is a granddaughter of Elizabeth Montgomery, deceased, who was the grantor in the deed involved.

It is averred in the complaint that said grantor was eighty years of age, that for many years prior to the execution of the deed, she had been sick and greatly enfeebled both in body and mind, and, by reason thereof, was susceptible to the influences, arts and persuasions of others. That, during said period of time, appellee, well knowing of the grantor's weak and feeble condition and corruptly contriving and intending to profit thereby and to defraud her out of the land involved, made frequent visits to her and, by means of continuous, persistent and undue persuasions and importunity, and undue and overpowering influences, so wrought upon her mind as to induce her to make the conveyance involved. There was an answer in denial and a trial by the court which resulted in a finding for appellee. The alleged error presented in this court is the action of the trial court in overruling appellant's motion for a new trial, which presents the questions hereinafter considered.

Urging that the finding is not sustained by sufficient evidence, appellant contends that the proof of undue influence exerted by appellee and operating upon

1. Elizabeth Montgomery as grantor in the deed to appellee at the time of its execution was overwhelming. We have carefully examined the evidence as it is set out in appellant's brief, and while it must be conceded that there is evidence to sustain his contention that undue influence was exerted, we are not ready to join with him in saying that the evidence in his favor is overwhelming. Certainly there is some evidence to sustain the finding, and we must accept as true what the trial court believed and acted upon.

In *Wiley* v. *Gordon* (1914), 181 Ind. 252, which involved a will contest, on page 266, the court

2. said: "Undue influence, in order to make a will void, must be directly connected with its execu-

tion and must operate at the time it is made. It must be an influence of such compelling force that the apparent testator is but the instrument by which the mastering desire of another is expressed, so that the supposed will, or the particular part in question, is not the will of the testator except in the sense that he consented to put his name to it in the form in which it appears. There is an entire absence of evidence before us to show that when the testator executed the codicil in question he was under any coercive influence that is undue under the statute and our decided cases." Numerous authorities are there cited to sustain the court's holding. With this holding before it, the trial court in this case has found that the deed here involved was not induced by undue influence exercised on the part of the appellee over the grantor. And since its finding is supported by evidence, we cannot disturb it. whatever evidence there may be to the contrary.

Appellant complains that, over his objection, a number of witnesses were permitted to testify that, in their opinion, the grantor was a person of sound mind, each basing his opinion upon facts to which he had testified, as observed and noted by him during a period of acquaintance with her. One of the witnesses who so testified was the appellee, who recited what she saw and heard, and what her grandmother (the grantor) said during a period of time before and after the deed was signed, and, upon those facts, based an opinion that her grandmother was a person of sound mind at those times, the court expressly stating at the time he admitted her testimony that such evidence was heard solely on the question of the soundness or unsoundness of mind of the grantor. Appellant especially challenged the right of appellee to testify for the reason that she was a party to the action adverse to the heirs of the deceased grantor, and, therefore, was not a com-

petent witness under the provisions of §522 Burns 1914 (§499 R. S. 1881), concerning any matter which occurred prior to the death of the ancestor. Numerous authorities are cited to sustain this contention.

It will be observed that the complaint alleged that, for many years prior to the execution of the deed, the grantor had been sick and greatly enfeebled both 3, 4. in mind and body, and by reason thereof easily susceptible to influence and persuasion, but there was no allegation that she was of unsound mind, and that no issue of unsoundness of mind was before the court. And to sustain his averments as to the weakened condition of the grantor, both physically and mentally, appellant gave evidence of her condition in those respects. His witness, Carrie Wood, on examination in chief, after testifying to the decedent's helpless condition, said that she was unconscious, and at times seemed to be in a doze. Speaking of the time that appellee was talking to her grandmother (the decedent) about her property, she said that the grantor's condition was very weak, that she was not able to sit up in bed, that she was not conscious, and that a great deal of the time when conversations were going on, she was not conscious; that she was not rational all of the time in her conversation, and that they were giving her morphine and other sedatives two or three times a day. This evidence, together with some other evidence similar in character, introduced under the issue formed upon the averments of the complaint that the deceased was greatly impaired in mind and body and the answer in denial thereof, justified the introduction of evidence on behalf of appellee to the effect that, at the times in question, her mind was clear and her conversation rational, and authorized the introduction of evidence of what the witnesses other than appellee observed as to her condition, acts and conversation. And while, in the

absence of any issue as to soundness of the grantor's mind, it was error to admit in evidence the opinions of witnesses as to the soundness of her mind, and to permit appellee to testify, being a party adverse to the heirs, we think the error was harmless. Appellee did not take advantage of the privilege of testifying on this subject to inject her own evidence relating to the issue of undue influence. An examination of the record indicates that the right result was reached, notwithstanding the intervening errors occurring at the trial. And a judgment will not be reversed because of an error that was harmless.

Appellant complains of the action of the court in excluding a certain conversation between the witness, Mary Copeland, and the grantor, which was had

5. more than a month after the execution of the deed in question. If permitted to testify, the witness would have testified that, in this conversation, the grantor said to the witness that she made the deed to appellee because she had to do so, because appellee deviled her to death to get the deed; that appellee and Ulysses Montgomery were quarreling with her over the property all the time, and that she had to do something to get rid of it. Had this statement been made at the time of the execution of the deed, it might have been admissible as part of the *res gestae,* but remote from that time as it was, it clearly was not *res gestae. Runkle* v. *Gates* (1858), 11 Ind. 95. And it was not otherwise competent to prove undue influence at a time long past, which was the only issue presented by the pleadings. *Hayes* v. *West* (1871), 37 Ind. 21; *Vanvalkenberg* v. *Vanvalkenberg* (1883), 90 Ind. 433; *Goodbar* v. *Lidikey* (1893), 136 Ind. 1, 35 N. E. 691, 43 Am. St. 296. The evidence was properly excluded. We find no reversible error.

The judgment is affirmed.