HITT ET AL. *v.* CARR ET AL.

[No. 25,634. Filed July 13, 1928. Rehearing denied December 5, 1928. Petition to reconsider petition for rehearing denied April 5, 1929.]

*Mahoney, Fansler & Douglass, Osborn, Osborn & Link,*

*Knapp & Campbell, Whitcomb, Ewbank & Dowden, Michael L. Fansler, John R. Cochran* and *Leonard F. Martin,* for appellants.

*Grant Crumpacker, Henry Warrum, Everett G. Ballard, Felt & Forney, Darrow, Rawley & Shields* and *Pickens, Davidson, Gause & Pickens,* for appellees.

PER CURIAM.—The appellants brought suit against the appellees to restrain and enjoin them from asserting any right, title, interest or claim in and to all that part of section 31, lying north of the Indian boundary line and west of the Grand Calumet River, in township 37 north, range 7 west of the second principal meridian, in Lake County, Indiana; and seeking relief from a judgment rendered by the La Porte Superior Court on May 17, 1912, quieting the title of the appellee, Drusilla Carr, to said real estate.

The defendants filed a demurrer to the complaint, which was sustained. That ruling was reversed on appeal by the Appellate Court, and its opinion thereon is reported in 77 Ind. App. 488, 130 N. E. 1. The Supreme Court denied a petition to transfer. The cause was tried upon plaintiff's third amended and supplemental complaint, which complaint, with some additional allegations, is the same as the complaint which was held to be sufficient by the Appellate Court.

The trial occurred on January 15 to 27, inclusive, 1923. Upon the conclusion of the trial, the court found for the defendants and rendered judgment against the plaintiffs for costs and that the plaintiffs take nothing by their complaint. Plaintiffs filed a motion for a new trial, which was overruled. That ruling is assigned as error.

The averments of the third amended and supplemental complaint are as follows: For many years prior to August 28, 1903, one Mary H. B. Hitt and plaintiff

William Winchester Hall, were the owners in fact and of record by a regular chain of conveyance from the United States Government of all that part of section 31 lying north of the Indian boundary line and west of the Grand Calumet River in township 37 north, range seven west of the second principal meridian in Lake County, Indiana, containing 64.50 acres, more or less. For several years prior thereto, portions of said land had been occupied by squatters and numerous persons, most of whom were fishermen who fished in Lake Michigan, which joins said land on the north. A number of small buildings, commonly called "shacks," had been erected upon said land by said persons and were occupied by them and their families and that among these persons were the defendants, Drusilla Carr and her two sons, Fred Carr and Henry Carr. On August 28, 1903, said Mary H. B. Hitt and William Winchester Hall filed in the Lake Circuit Court in Lake County, Indiana, their complaint to quiet their title to said real estate and made defendants thereto all of the persons who then or any time prior thereto had occupied any portion of said land. That the defendant, Drusilla Carr, was made a defendant in said suit, but was named and described in said complaint as Rosela Carr. On said date a summons was duly issued by the clerk of said Lake Circuit Court, directed to the sheriff of Lake County, commanding him to summon each of the named defendants. Thereafter, on or about September 11, 1903, the sheriff, by one of his deputies, personally served said summons upon said Drusilla Carr by reading same to her and also by delivering to her, then and there, a true copy thereof.

On December 14, 1905, the said Lake Circuit Court entered in said cause, under a caption in which all the plaintiffs and defendants were named, Rosela Carr being named as a defendant and Drusilla Carr not being named,

which stated that each and all of the defendants, except Rodman Castle, had been duly served with summons by the sheriff at least 10 days prior to the first day of the term of court. On March 7, 1907, a further record was made in said cause which showed that all defendants, having been served with process and failing to appear, were duly called and defaulted, and the cause was thereupon submitted to the court for trial and a finding was made that the plaintiffs were the owners of said real estate and the defendants had no interest therein. A judgment was rendered on said finding. The judgment as entered has never been appealed from or set aside or modified but was at all times and is now in full force and effect. The clerk of the Lake Circuit Court did not, within one month after judgment was finally determined, nor at any time, enter in the final record book or any other book or record in his office a complete record of said cause; nor did the clerk at any time record the complaint, summons or return thereon or any other pleading or paper filed in said cause, or any part of the proceedings therein other than the order entered on December 14, 1905, and the final judgment entered on March 7, 1907, and said land is now and at all times has been a waste of sand and sloughs incapable of producing any sort of vegetation and has not at any time been cultivated in any manner.

By various deeds of conveyance, the plaintiff, Rosa M. B. Hitt, became the owner of the undivided one-half of the undivided one-half interest formerly owned by Mary H. B. Hitt. On February 16, 1911, said Drusilla Carr filed in the Lake Superior Court, Lake County, Indiana, a complaint against Mary H. B. Hitt, William Winchester Hall and other persons to quiet her alleged title to said described real estate. A change of venue was taken in said cause and it was removed to the Porter Superior Court from which a further change of venue

was taken to LaPorte Superior Court. In April, 1912, a trial was had in said cause upon the amended complaint of Drusilla Carr, which consisted of two paragraphs in which she claimed that she was the owner of said real estate and that she had taken exclusive possession of same on or about the month of March, 1876, and that she had continuously, under claim of right with full notice to the world since March, 1876, lived upon, occupied and cultivated said real estate, as far as it was possible or susceptible of cultivation, and during all of said time had otherwise exercised a claim of absolute ownership of same and that, for more than 20 years last past, under claim of right, held the actual, hostile, open, notorious, exclusive and continuous possession of said real estate and every part thereof. Rosa M. B. Hitt and Arza B. Hitt, who claimed ownership to the interest formerly owned by Mary H. B. Hitt, and William Winchester Hall, filed separate and several answers to the amended complaint. The defendant M. E. Mathieu also filed an answer. The plaintiff, Drusilla Carr, filed a reply in general denial to each of the special paragraphs of answer. The defendant Mary E. Mathieu also filed a cross-complaint to quiet her title to certain real estate described in the complaint. To this cross-complaint, Drusilla Carr filed an answer in general denial. The cause was submitted to a jury upon the issues formed by the pleadings and, at the conclusion of the trial, the jury returned a verdict finding that said Drusilla Carr was the owner in fee-simple of the lands described in the amended complaint and that the plaintiffs in this action and said Mary E. Mathieu were claiming an interest in said land, which claims were without right and unfounded. The jury, on the cross-complaint, found in favor of Drusilla Carr and against Mary E. Mathieu. On May 17, 1912, a verdict of the jury was returned and judgment was thereupon rendered upon said verdict in

favor of Drusilla Carr quieting her title to all of said real estate as against Rosa M. B. Hitt, Arza B. Hitt, Winchester W. Hall and Mary E. Mathieu.

Upon the trial of said cause, Drusilla Carr did not claim, nor did she attempt to prove that she had or claimed to have any right, title or interest in all of the property described in her amended complaint, except that by reason of her occupancy of said property for more than 20 years prior to the commencement of said suit under claim of right and color of title she had the actual, hostile, open, notorious, exclusive and continuous possession of said real estate; that her sole claim was that she had by more than 20 years occupancy of said property acquired title thereto by adverse possession. On the trial the defendants made proof that a search had been made for the summons in the suit of *Hitt and Hall* v. *Lightner* in the Lake Circuit Court and that same could not be found. They then offered in evidence an abstract of title which purported to contain a true copy of the return made by the sheriff of Lake County on the summons in the suit of *Hitt and Hall* v. *Lightner*, which return showed that the summons had been served on Drusilla Carr by leaving a true certified copy at her last and usual place of residence. The offer so made was excluded by the court on the ground and for the sole reason that the witness was unable to say that he positively remembered having compared the abstract with the original summons and that his testimony that, to the best of his recollection, he did so, was not sufficient; that a certified transcript of the suit of *Hitt and Hall* v. *Lightner* was offered in evidence but was excluded by the court on the sole ground that it did not appear therefrom that the defendant Drusilla Carr was a party thereto; that there was no other evidence, either oral or documentary, introduced or offered upon the trial of said cause as to the return upon said summons or

to show that the summons issued in said suit of *Hitt and Hall* v. *Lightner* was served upon Drusilla Carr. The said Rosa M. B. Hitt, Arza B. Hitt, William Winchester Hall, Mary E. Mathieu and their respective attorneys did not know that on or about September 11, 1903, John C. Agnew, then deputy sheriff of Lake County, Indiana, personally served the summons issued in the suit of *Hitt and Hall* v. *Lightner* upon the defendant, Drusilla Carr, and at the same time delivered to her a true copy thereof; that when Drusilla Carr brought suit in the Lake Superior Court against William Winchester Hall and Mary H. B. Hitt to quiet her title to the real estate in question, said defendants and their agents and attorneys went to Crown Point, Indiana, and made search in the office of the clerk of the Lake Circuit Court for the papers in the cause of *Hitt and Hall* v. *Lightner et al.*, but were unable to find same; that they also made an investigation as to who the sheriff was and as to who the deputy sheriffs were at the time the process of said court was served. One of their attorneys, Erwin McDowell, interviewed the man who was sheriff of Lake County from 1903 to 1907 and his deputy sheriffs for that period. He interviewed John Agnew on a number of occasions, the said Agnew at that time being engaged as the probate commissioner of the Lake Superior Court at Hammond. Agnew informed him that he did not have any recollection at that time of having served the summons. He later interviewed Agnew and exhibited to him an abstract of title containing the entry mentioned showing the return of the summons in the suit of *Hitt and Hall* v. *Lightner*. Agnew said that he had no recollection at that time of having served the summons. Rosa M. B. Hitt, Arza B. Hitt, William Winchester Hall, Mary E. Mathieu, or any of their attorneys, prior to the month of July, 1915, did not know or were unable to learn that said summons had in fact been personally

served upon the defendant Drusilla Carr by said Agnew, and that said information was received by them in the month of July, 1915. On June 22, 1912, a motion for a new trial filed by Rosa M. B. Hitt, Arza B. Hitt, William Winchester Hall and Mary E. Mathieu in said cause was overruled by the court; and thereupon the defendants prayed for and were granted an appeal from said judgment to the Appellate Court of this state and they duly perfected their appeal; that the Appellate Court on June 22, 1915, affirmed the judgment and a petition for rehearing was denied; and on January 7, 1916, a petition for transfer to the Supreme Court was denied. On March 6, 1916, the appellants in that cause filed in the Supreme Court a petition to set aside said order denying said petition to transfer, which petition was denied by the Supreme Court on the first day of the May term, 1916, of said court. On June 8, 1916, the attorneys for said Rosa M. B. Hitt, Arza B. Hitt and William Winchester Hall obtained from said Agnew an affidavit in which he stated that he, as deputy sheriff, in 1903 served the summons in the case of *Hitt and Hall* v. *Lightner*, on Drusilla Carr by reading same to her and giving her a copy.

On or about February 1, 1916, the said Arza B. Hitt died testate, leaving as his sole and only devisee his wife, Anna M. H. Hitt, one of the plaintiffs. The said Drusilla Carr has not in any manner acquired any interest of any kind or character in the land in question since the rendition of the judgment on May 17, 1912, and the only claim of said Drusilla Carr to any right, title or interest in or to said land is based solely on that judgment and not otherwise. The plaintiffs, said Arza B. Hitt and Mary E. Mathieu, and their attorneys made every effort within their power before and during the trial of said cause to obtain evidence to show that said Drusilla Carr was in fact a defendant to the suit of *Hitt and Hall* v. *Lightner*

and was served with summons therein. The defendant Albert C. Carver one of the attorneys, and the agent and attorney-in-fact of the defendant Drusilla Carr, some time prior to April 21, 1908, went to the office of the clerk of the Lake Circuit Court at Crown Point, Indiana, and, without the knowledge and consent of said clerk, obtained possession of the original summons with the sheriff's return thereon and the other papers constituting the files in the cause in said court entitled *Mary H. Hitt and William Winchester Hall* v. *Seward Lightner et al.*, cause No. 6,444, and the said Albert C. Carver, or some person unknown to the plaintiff, now has the original summons with the sheriff's return thereon in his or their possession; and the defendant Drusilla Carr has, and her codefendants have, at all times known that the original summons with the sheriff's return thereon has been wrongfully removed and retained by said Albert C. Carver from the custody and possession of the clerk of the Lake Circuit Court. The defendant Drusilla Carr was, on August 28, 1903, and long prior thereto, known as and called Rosela Carr, the name by which she was made a party in said cause No. 6,444. In said suit brought in the LaPorte Superior Court, Drusilla Carr denied that she was defendant in said suit of *Hitt and Hall* v. *Lightner* and denied that she was served with summons in said cause, and that, by reason of the inability of Rosa B. Hitt, Arza B. Hitt, William Winchester Hall and Mary E. Mathieu to prove said summons was in fact served upon Drusilla Carr, and by reason of the false denial by said Drusilla Carr that she was a defendant to said suit and was served with summons therein, Drusilla Carr has, without default or negligence of the plaintiffs in this action, obtained an unfair, unjust, inequitable and unconscionable advantage of these plaintiffs, which, in equity and good conscience, she ought not to retain longer. And the plaintiffs are entirely

without any legal remedy in the premises except in a court of equity. The complaint is verified by Erwin McDowell, one of the attorneys for the plaintiffs and various affidavits are attached thereto as exhibits.

It is contended by the appellants that the finding and decision of the trial court was not sustained by sufficient evidence and is contrary to law. Appellants say that the issue in the instant case presents but a single question of fact: Was the defendant Drusilla Carr served with summons? Most of the evidence was parol, but some was documentary. The statute on the subject of weighing evidence on appeal is as follows:

"In all cases not now or hereafter triable by a jury, the Supreme and Appellate Courts shall, if required by the assignment of errors, carefully consider and weigh the evidence and admissions heard on the trial when the same is made to appear by a bill of exceptions setting forth all the evidence given in the cause, and if, on such appeal, it appears from all the evidence and admissions that the judgment appealed from is not fairly supported by, or is clearly against, the weight of the evidence, it shall be the duty of such court to award judgment according to the clear weight of the evidence, and affirm the judgment or return said cause to the trial court with instructions to modify the judgment or to grant a new trial; or to enter such other judgment or decree as, to such court of appeal, may seem right and proper upon the whole case." Acts 1903, ch. 193, §8, §723 Burns 1926.

This court has held repeatedly that the above statute does not require the court on appeal to weigh conflicting oral evidence. *Parkison* v. *Thompson* (1904), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677; *Hudleson* v. *Hudleson* (1905), 164 Ind. 694, 74 N. E. 504; *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619; *Seiberling & Co.* v. *Porter* (1905), 165 Ind. 7, 74 N. E. 516; *Seybold* v.

*Rehwald* (1911), 177 Ind. 301, 95 N. E. 235; *Jones* v. *Luddington* (1913), 180 Ind. 33, 101 N. E. 483; *McKeen* v. *Bowen & Co.* (1914), 182 Ind. 333, 106 N. E. 529; *Glick* v. *Hunter* (1920), 190 Ind. 51, 129 N. E. 232; *Mills* v. *Thomas* (1924), 194 Ind. 648, 144 N. E. 412; *Montgomery* v. *Pierson* (1924), 195 Ind. 475, 145 N. E. 771. In *Glick* v. *Hunter, supra,* it was held that where there is documentary evidence whose force and effect depends in part on oral testimony, this court will not weigh the evidence. In *Parkinson* v. *Thompson, supra,* it was said that it was not contemplated that the court on appeal should take up and examine parol or oral evidence incorporated into a bill of exceptions, and pass upon its weight, without any consideration or reference to the decision of the trial court, or the means afforded that tribunal for deciding questions of fact. And in *Montgomery* v. *Pierson, supra,* it was stated that where there is some evidence to sustain the finding, we must accept as true what the trial court believed and acted upon. In the instant case there was a conflict in the oral evidence. The finding of the lower court was supported by competent evidence and the weight of that evidence was a question for the determination of the trial court.

Errors are claimed because the court refused to admit in evidence entries in an abstract of title and a letterpress copy of an abstract of title. No complete record was made of the proceedings in the cause of *Hitt and Hall* v. *Lightner,* and these abstracts purported to contain recitals or a digest of the summons and return in that case. The abstract marked Exhibit 2 was made July 9, 1906, and the one marked Exhibit 10, was made February 12, 1906. Same were made by Allman Brothers and Dinwiddie, abstracters of Crown Point. Walter W. Allman was not a witness in this case, but his evidence in the case of *Carr* v. *Hitt and Hall* in the La-Porte Superior Court at Michigan City, in 1912, was

admitted in evidence in this case. Same was in regard to Exhibit 2. That evidence was as follows:

"I did not look up the original records, but compared the notes made by another party with the abstract. Know that I compared it by the paging of the sheets and from my signature of the firm and the name at the end of the abstract. The return in the abstract is a true copy of the return on the summons so far as it purports to be. I would say to the best of my knowledge and belief I compared copy with original summons. I am not entirely positive. I have no special recollection about the matter. Notes from which copy was made are not now in office. I do not know who made memorandum. I have no definite recollection of ever seeing the original summons."

Claude W. Allman testified as follows:

"Brother of Walter Allman. Was making abstracts. In 1906, M. Elmer Dinwiddie and myself of our organization went to the court house and took the notes from the original records and papers and court proceedings. After notes were secured, they were turned over to the typewriter girl who transcribed the notes into regular abstract form, and after that was done, one of the members of the firm would take that and compare it and sign it. Would compare the typewritten sheets with the notes. Original notes were eventually destroyed. Original notes of abstract in letter-press copy book, dated February 12, 1906, which is Exhibit No. 10, were made by Mr. Dinwiddie. He made the notes and compared the typewritten abstract with the notes. The substance of the return, that is, that part which was material in the abstract was practically copied word for word. As to abstract covering lands in question, to the best of my knowledge, I made notes for same. Do not have any recollection of contents upon return of summons, except as shown. Copy of return upon summons was a true and correct copy of the return, in so far as it showed upon whom that

summons had been served. No personal recollection about the matter."

M. Elmer Dinwiddie testified:

"Made notes for abstract which is marked Exhibit 10. As far as abstract purports to be a copy of that return, it is a true and correct copy of same. Have no independent recollection of what the summons showed or what the return showed. Know that, at the time it was made, it was a correct copy. Exhibit 10 covered other real estate located in the South East part of Lake County."

These entries in the abstracts, according to the evidence, were not complete and exact copies of the summons and return. In *Hitt* v. *Carr* (1915), 62 Ind. App. 80, 109 N. E. 456, in which this court denied a petition to transfer, one of these abstracts was held inadmissible in evidence. Regarding same, the Appellate Court said:

"A portion of the abstract of title made for appellant Hall as above shown was offered in evidence for the purpose of showing the abstracter's memoranda or copy of portions of the summons and return in question. The abstract was excluded and appellants contend that it should have been admitted on the theory that it was a regular entry made by third parties in the due course of business. To be admissible under the rule invoked, it should appear that the making of the abstract, including the reference therein to the summons and the return of the sheriff thereon, was a part of the *res gestae* of some transaction between appellee and appellants, and that the entries offered in evidence were contemporaneous with such transactions, and made in the regular course of business, or that they were such entries made in the due course of business in some transaction between appellee and a third party under circumstances that gave the entries probative value under the issues of the case on trial. The offer made was a private entry and the rules appli-

cable to the admission of public records and documents have no application. There is no fact or circumstance shown which so connects appellee with the making of the abstract as to render it competent evidence against her under the issues of the case. *State, ex rel.*, v. *Central, etc., Bridge Co.* (1912), 49 Ind. App. 544, 549, 97 N. E. 803, and cases cited; *Johnson* v. *Zimmerman* (1908), 42 Ind. App. 165, 173, 84 N. E. 541; *Fleming* v. *Yost* (1894), 137 Ind. 95, 97, 36 N. E. 705; *Place* v. *Baugher* (1902), 159 Ind. 232, 234, 64 N. E. 852; *Rouyer* v. *Miller* (1896), 16 Ind. App. 519, 526, 44 N. E. 51, 45 N. E. 441, 443, 61 N. E. 683; *Barnett* v. *Lucas* (1901), 27 Ind. App. 441, 443; 1 Elliott, Evidence §§454-456, 459-462; 1 Greenleaf, Evidence §§115-120; *Culver* v. *Waters* (1910), 248 Ill. 163, 167, 93 N. E. 747. We find no instance where the rule of admitting the account or other books of third parties as evidence has been carried to the extent contended for by appellants in the case at bar. The entries of books in a bank have been received to show the state of the account of a depositor who was in litigation with a third party, but in such instance the person against whom the evidence was received was a party to the transaction with the bank and the entries received as evidence were a part of the *res gestae* of such transactions. But here the abstract was compiled long after the issuance and return of the summons, and appellee was in no way a party to the making of the abstract which, at most, was only the private memoranda of the abstract company, purporting to give a digest or summary of the public records affecting the real estate for which the abstract was prepared. Aside from the character of the instrument offered, it was wanting in the essential element of being a part of the *res gestae* of any transaction to which appellee was a party and was therefore properly refused as evidence. *Marks* v. *Box* (1913), 54 Ind. App. 487, 500, 103 N. E. 27; *Culver* v. *Marks* (1890), 122 Ind. 554, 563, 23 N. E. 1086, 7 L. R. A. 489, 17 Am. St. 377; *Cleland* v. *Applegate* (1894), 8 Ind. App. 499, 500, 35 N. E. 1108; *Myer* v. *Brown* (1902),

130 Mich. 449, 90 N. W. 285; *State, ex rel.*, v. *Central, etc., Bridge Co., supra.* The cases cited by appellants where abstracts of title have been received in evidence in states having statutes that make them admissible, under certain specified conditions, have no application to the question presented here."

This court denied a transfer of said cause, and it again approves the declarations of law stated in that opinion in regard to the abstract of title not being admissible in evidence. However, in the instant case, the appellants have gone further in their proof. The witnesses who had anything to do with making the abstracts had no recollection of the contents of the return to the summons. But they testified as to the correctness of the copies so made. 'It is contended by appellants that these abstracts come within the rule of evidence that where a witness has made a record of a fact which at the time he knows to be true and correct, the record so made by him is admissible in evidence, even though, at the time he is called upon to testify, he has no recollection whatever of the facts recorded; in other words, the record is admissible as evidence of a past recollection. In the instant case, it is not claimed that the original notes for each abstract as to the return to the summons were complete and exact copies of same. Said memoranda were only the opinions of the parties who examined the return as to its contents. The entries in the abstracts offered in evidence were properly excluded by the trial court.

Appellee's Exhibit D was a copy of the alleged lost summons and return. This copy, according to the evidence, was made by Albert C. Carver in the presence of Everett G. Ballard, at the law office of J. Frank Meeker, attorney for the plaintiffs, in the case of *Hitt and Hall* v. *Lightner*. This summons and return were a part of the record, made so by reference in the order of the court. A sworn copy of a record

constitutes a well-recognized species of secondary evidence, ranking next to a duly attested copy. *Jones* v. *Lewis* (1880), 72 Ind. 586, citing 1 Greenleaf, Evidence §501. This copy of the sheriff's return showed that Rosela Carr was not served with summons. The order-book entry showed that all defendants had been served with summons except Rodman Castle. And the testimony of John Agnew, a deputy sheriff, was that he served summons on Drusilla Carr by leaving copy and reading summons to her. This copy of summons and return was competent evidence to contradict the evidence of John Agnew.

It is claimed by appellants that the court erred in refusing to permit Erwin McDowell, one of the attorneys for appellant, to testify to certain alleged conversations with one J. Frank Meeker, as to the latter's recollection of the return to the summons. This conversation was not in the presence and hearing of Drusilla Carr or any of the other defendants, and same was properly excluded. There were three other objections because of the refusal of the court to require two witnesses to answer three questions on cross-examination. The court correctly sustained objections to these questions, because they did not constitute proper cross-examination.

Finding no reversible error, the judgment is affirmed.