## GLICK *v.* HUNTER.

[No. 23,582.    Filed December 21, 1920.]

1. APPEAL.—*Documentary and Oral Evidence.—Weighing the Evidence.*—The Supreme Court is not required by §698 Burns 1914, Acts 1903 p. 338, §8, to weigh the evidence received by a court without a jury, where there is documentary evidence whose force and effect depends in part upon oral testimony, since the court will not weigh conflicting evidence consisting in part of oral testimony. p. 53.

2. ELECTIONS. — *Voters. — Residence.—Evidence.*—Declarations made by a voter, of his intention to retain residence in a certain precinct, though domiciled elsewhere, made before the date of election, and made in connection with the removal by the witness and his family and household goods to another precinct, and as explanatory thereof, are competent to rebut the inference that in so removing he changed his residence. p. 54.

3. EVIDENCE.—*Admissibility.—Objections.—Waiver.*—Where the contestor read in evidence and relied on ballots of absent voters

marked otherwise than by blue pencils, he cannot object to the reception of the same class of evidence in favor of the contestee. p. 54.

4.   ELECTIONS.—*Absent Voters.—Marking Ballots.—Statutes.*— The statutes (§6927 Burns 1914, Acts 1897 p. 49; §§6932, 6941 Burns 1914, Acts 1889 p. 157; §§6955a, 6955b Burns' Supp. 1918, Acts 1915 p. 590) concerning elections make no provision that absent voters shall mark their ballots with blue pencils only, and the Supreme Court cannot infer that the General Assembly intended that such a ballot should be rejected because not marked with a blue pencil. p. 55.

5.   APPEAL.—*Elections.—Exceptions.—Briefs.*—Objections to the reception in evidence of ballots cannot be urged by appellant where it does not appear from his brief that any exception was saved as to such matters. p. 56.

6.   ELECTIONS.—*Ballots.—Imperfect Marking.—Admissibility.*— Ballots marked with imperfect crosses, which appear to have been due to dim light, defective sight and lack of skill in the use of the pencil, and not to any dishonest intention, were properly admitted in evidence, and counted, in an election contest. p. 56.

From Bartholomew Circuit Court; *Will M. Sparks,* Special Judge.

Election contest by Charles D. Glick against Charles G. Hunter. From a judgment for contestee, the contestor appeals. *Affirmed.*

*Everroad & Cooper* and *Rynerson & Long,* for appellant.

*W. W. Lambert, Kollmeyer & Sharpnack* and *Hacker & Jones,* for appellee.

EWBANK, J.—This was an action by the appellant to contest the election of appellee to the office of clerk of the Bartholomew Circuit Court. The only error assigned is the overruling of appellants' motion for a new trial.

No special finding was asked nor made, and we can only conjecture as to which of the ballots introduced in evidence or concerning which evidence was offered were

counted for the appellant, and which for the appellee, and which were rejected and not counted for either.

It is urged that the evidence does not sustain the finding. It appears that thirty-eight witnesses gave oral testimony, which is set out in 241 legal cap typewritten pages of the transcript, and that printed and written exhibits numbered from 1 to 193, inclusive, were read in evidence, the originals of which were attached to the bill of exceptions as parts of it, until they were detached for safe-keeping, by order of this court. But there is no index whatever in the transcript or bill of exceptions to any of the exhibits. And, while appellant has put into its "argument" (pages 113 to 118 of appellant's brief) an index to ninety of these exhibits, there are more than a hundred not indexed even there. And appellant sets out, in thirty pages of his brief, a portion of the testimony of fourteen of the thirty-eight witnesses, and a general assertion of what was the effect of the facts shown by nineteen of the exhibits, but does not even suggest what evidence was given by the other twenty-four witnesses, nor what facts appeared from the other 174 exhibits. *Bradley* v. *Onstott* (1914), 180 Ind. 687, 103 N. E. 798.

Moreover, appellant's argument is that the trial court erred in what it is assumed to have decided, upon conflicting evidence as to the right of certain persons to vote at the election, and that if this court should weigh the evidence it would reach a different conclusion in each of a number of instances, and, upon deciding that certain votes ought to be rejected, must come to the conclusion that the appellee did not receive as many legal votes as the appellant. And to this end counsel for the appellant asks the court to weigh the evidence, under §698 Burns 1914, Acts 1903 p. 338, §8.

Counsel are in error in assuming that in such a case

as this, tried before the court without a jury, where there is documentary evidence, but its force and effect depends in part upon the oral testimony of witnesses, a court to which an appeal is taken would undertake to weigh the evidence, even if appellant's brief were properly prepared. This court will not weigh conflicting evidence consisting in part of oral testimony. *Parkison* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677; *Jones* v. *Luddington* (1913), 180 Ind. 33, 101 N. E. 483; *Robinson* v. *Horner* (1916), 62 Ind. App. 456, 113 N. E. 10; Ewbank's Manual (2d ed.) §129.

Objections are urged against the admission in evidence of certain declarations by voters of their intention to retain a residence in certain precincts of 2. Bartholomew county, although domiciled elsewhere, which declarations it is stated were made before the date of the election.

The appellant's brief is not so prepared as to present any question upon the admissibility of this evidence. But, if the declarations were made in connection with the removal by the witness of his family and household goods to another precinct and as explanatory of what he was doing, they would be competent to rebut the inference that in so removing he changed his place of residence. And there is no suggestion that they were made at any other time, nor did appellant object on the ground that the showing that they were made in connection with such removal and as explanatory of it was insufficient.

Appellant urges that certain ballots of "absent voters" cast for the appellee were erroneously admitted in evidence because they were marked otherwise 3. than with a blue pencil, some being marked with an indelible pencil, some with a black pencil, some with a red pencil, and some with ink. But it ap-

pears that in opening his case the appellant read in evidence, over an objection by appellee, more than fifty of such ballots cast by absent voters, which were marked with black pencils, red pencils, indelible pencils and ink, and that the ballots thus introduced by him, over such objection, constitute a very material part of the evidence necessary to make out whatever cause of action his evidence tends to prove.

A party who has made out his own case by introducing a kind of evidence objected to by his adversary is in no position to insist that, while such evidence remains in the record in his own favor, other evidence of the same class favorable to his adversary shall be excluded. Whether a party who has introduced incompetent evidence of a kind afterward offered by his adversary may successfully move to strike out and reject all of such evidence, including that which is in his own favor, is a question not before the court as to which we decide nothing.

But we do not find, in the statute authorizing certain absent voters to cast their ballots by mail, any provision requiring that their ballots shall be marked only with blue pencils. Acts 1917 p. 317, §6927a *et seq.* Burns' Supp. 1918; Acts 1919 p. 711; see Acts Spec. Sess. 1920, pp. 38, 46, §11.

And since the general election law only provides for furnishing blue pencils for use in the booths at the polling places, and prohibits, under severe penalty, the removal from the room in which the election is held of any blue pencils furnished by the election board for marking ballots, or the possession outside of that room of pencils so furnished, we cannot infer that the legislature intended that the ballot of an absent voter should be rejected because not marked with one of those pencils. Acts 1897 p. 49, §3, §6927 Burns 1914; Acts 1889

p. 157, §§50, 59, 6932, 6941 Burns 1914; Acts 1915 p. 590, §§6955a, 6955b Burns' Supp. 1918.

A construction of this statute which would result in the disfranchisement of the many soldiers who, in 1918, complied with all the provisions the Absent Voters' Act, because they failed also to comply with the act of 1897, by using only a blue pencil to mark their ballots, should not be adopted unless the legislative intent to that effect is so clearly expressed as to be unmistakable. So far from this being true, we think that only by a very strained construction could the general election law be held to command the use of blue pencils by absent voters.

There was no error in admitting in evidence and counting for the candidates named therein the ballots cast by the absent voters which were marked with ink, and with pencils that did not have blue lead, where they were not otherwise open to objection.

Counsel for appellant also urge objections to a number of other ballots introduced and read in evidence on behalf of the appellee because the crosses with which they were severally marked were imperfectly made, and because of some irregularities in the handling of the ballots by the election officers. But it does not appear from appellant's brief that he saved any exceptions in these matters. And a careful examination of these ballots convinces us that dim light, defective sight, and lack of skill in the use of the pencil, and not any dishonest intention, caused the imperfect marking. We hold that all of them were properly admitted in evidence and counted. *Spaulding* v. *Romack* (1916), 185 Ind. 105, 113 N. E. 229.

The judgment is affirmed.