SAILER *v.* HARVEY.

[No. 26,570. Filed January 15, 1936.]

*Tucker & Tucker* and *W. E. Jenner,* for appellant.

*George H. Prime,* for appellee.

FANSLER, J.—Appellee brought this action to contest the election of appellant as township trustee of Stamper Creek township, Orange county. There was a recount resulting in a determination that appellee had received 233 votes and appellant 230 votes. There was a trial by the court, special findings of fact, conclusions of law, and judgment that appellee was elected by a majority of two votes.

The errors assigned question the sufficiency of the evidence and the correctness of the findings.

Appellant says in his brief: "Appellant presents but one question by this appeal and that is as to the legality of disputed ballots numbered defendant's exhibits 7, 8, 9, and 11, all cast for the appellee and found to be valid by the court below."

Exhibit 11 is marked in the circle with a small, heavy cross. The lines making the cross are irregular, and one of them is split at one end, which may be due to an effort to retrace the line. The ballot seems to have been marked upon a rough board.

Exhibit 9 is criticized because of a light, blue pencil mark, about one-half inch long, near the edge of the ballot. This mark was apparently made by accidentally touching the blue pencil to the paper.

Exhibit 8 is marked with an irregular, poorly made cross, apparently made with a shaky hand, and possibly

in a poor light or by one having defective eyesight. It is objected that this cross is more like a "T" than an "X." But the lines do cross, and this is sufficient. A perfect "X" is not required.

These three ballots are clearly legal and valid, and were correctly counted. *Conley* v. *Hile* (1934), 207 Ind. 488, 193 N. E. 95; *Wright* v. *Walker* (1926), 197 Ind. 561, 151 N. E. 424.

As to Exhibit 7, it is contended that the mark in the circle is a figure "4," such as is made with a pen or pencil, and, at first examination, it has that appearance. Upon close examination, however, it appears that the vertical mark at the left does not meet the horizontal branch of the cross, but is a separate mark about one-eighth of an inch long, and somewhat, if only slightly, lighter than the other marks.

It was held by this court in *Lewis* v. *State ex rel. Marley* (1915), 184 Ind. 99, 109 N. E. 777, that a figure "4" in the circle, rather than a cross, constituted a distinguishing mark and invalidated the ballot. Similar markings were discussed in *Conley* v. *Hile, supra,* and the ballots were held valid upon the theory that the vertical mark at the left end of the horizontal line appeared to have been made accidentally or by the hurried use of a pencil, and that they did not indicate a purpose to identify the ballot. It cannot be said concerning the ballot here in question that it is marked with any other symbol than a cross. It is true that there is an unnecessary, small, extra mark, which may have been made by inadvertence or because of insufficient light. The trial court determined that the ballot was properly marked, and that the extra marking was not a distinguishing mark, and we find no sufficient basis for holding that this was erroneous. But even if this ballot were held to be invalid it would not change the result.

Judgment affirmed.