**John D. FULTZ et al., Appellant,**

**v.**

**Frank E. NEWKIRK, Sr. et al., Appellee.**

**No. 1–684A146.**

Court of Appeals of Indiana, First District.

March 18, 1985.

William T. Lawrence, Lawrence, Carter, Gresk, Leerkamp & Walsh, Indianapolis, for appellant.

Andrew Wright, Salem, for appellee.

ROBERTSON, Judge.

The appellant John D. Fultz is appealing from a trial court decision declaring appellee Frank D. Newkirk, Sr. to be the elected Mayor of the City of Salem, Indiana.

The counting of the ballots after the November, 1983, mayoral election for the City of Salem showed that Fultz received 1218 votes and Newkirk 1213 votes. New-

kirk sought a recount with Fultz cross-petitioning for a recount. The recount commission issued its certificate of recount with both parties receiving 1205 votes. Both parties sought a final hearing before the Washington Circuit Court. After receiving evidence on the matter, the special judge entered a lengthy judgment detailing why or why not numerous contested ballots should or should not be counted. It was determined that Fultz received 1072 votes and Newkirk received 1091 votes. Newkirk was declared elected with this appeal following.

We find no reversible error raised in the fourteen issues presented by Fultz.

■ Fultz's first issue claims error in the trial court's finding that all the absentee ballots in three precincts were not to be counted because the ballots were not initialled by the poll clerks. In making his argument he relies upon three theories. The first is a series of older cases holding that the failure of poll clerks to initial a ballot, standing alone, does not invalidate a ballot. *See: Lorch v. Lohmeyer,* (1969) 252 Ind. 182, 247 N.E.2d 61. Fultz also argues that a 1976 legislative amendment to IND.CODE 3–1–22–12 deleting initialling requirements substantiates his position. It is also argued that the cases of *Wright v. Gettinger,* (1981) Ind., 428 N.E.2d 1212 and *Schoffstall v. Kaperak,* (1982) Ind., 457 N.E.2d 550 are distinguishable because they deal with votes cast under the electronic voting system (EVS), and not paper ballots as used in this election.

Any contention about the applicability of *Lorch, supra* and distinguishing *Schoffstall* and *Wright, supra,* is laid to rest by the following quote from *Schoffstall:*

Schoffstall is correct in his contention that the recount commission improperly counted these ballots. This issue already has been decided by us in *Wright v. Gettinger,* (1981) Ind., 428 N.E.2d 1212. We found there that the poll clerks' initials were important not only to show that only valid ballots go into the ballot box but was also needed so that the valid ballots could be identified when taken

from the ballot box. The importance of having the poll clerks' initials on the ballots, insures the integrity of the voting system. Ind.Code §§ 3–2–4–1 through 3–2–4–10 (dealing with the Electronic Voting System) are not in conflict with the early voting statutes and indicate that ballots not initialed by the poll clerks should not be counted. As we stated in *Wright, supra:* "The system of using clerk's initials can, however, provide the knowledge that only initialed official ballots are counted. There is no other way to distinguish an official ballot from a fraudulent one at this point." 428 N.E.2d at 1220.

457 N.E.2d at 554.

Moreover, any significance attached to the 1976 amendment to I.C. 3–1–22–12 is lost by the language of IND.CODE 3–1–25–1, which states in pertinent part:

And in the canvass of the votes any member of the election board may protest as to the counting of any ballot, or any part thereof, and *any ballot which is not indorsed with the initial of the clerks,* as provided for in this article, and any ballot which shall bear any distinguishing mark or mutilation shall be void, and shall not be counted, and any ballot, or part of a ballot, from which it is impossible to determine the elector's choice of candidates, shall not be counted as to the candidate, or candidates, affected thereby. (Emphasis added.)

■ In reviewing the next twelve issues, we feel it necessary to state perhaps the most primary rule of appellate review and that is the court on review, cannot weigh the evidence. *Rosner v. Schacht,* (1983) Ind.App., 452 N.E.2d 1079. The significance of this rule in this case is that many of the contested ballots contain marks susceptible of more than one inference. In particular, and using the appellant's own description, they are:

two parallel lines crossed by another line,

a strung bow mark,

a pronged "X",

a small "x" made by a dull or broken pencil, and

an "x" with a distinct spur.

In determining whether these marks, all of which are susceptible to more than one inference, are an X as called for by IND. CODE 3–1–22–21, or an imperfect X as described in *Dobbyn v. Rogers*, (1948) 225 Ind. 525, 76 N.E.2d 570, or a distinguishing mark as prohibited by IND.CODE 3–1–25–1 constitutes weighing the evidence. Allegorical authority for such a position is contained in *Uland v. National City Bank of Evansville*, (1983) Ind.App., 447 N.E.2d 1124 where it was held that the authenticity of a disputed document lies within the province of the trial court. Any determination on our part of the correctness of the trial court's ruling on these issues [1] would require weighing the evidence.

Fultz's second issue argues that ballot number five should not have been counted because it contained two parallel lines crossed by a third line. The trial court found upon examination of the ballot that the mark was made by an infirm person with an unsteady hand and that it did not constitute a distinguishing mark. Ballots are not rendered invalid where irregularities are due to unskillfulness, physical infirmities, or conditions not condusive to accuracy. *Dobbyn, supra.*

Fultz next contests the trial court's ruling that three ballots should not be counted because the X made by a blue pencil is covered by an X made by a ballpoint pen. In *Conley v. Hile*, (1935) 207 Ind. 488, 193 N.E. 95, it was held that two Xs in one square made a ballot invalid. The trial court did not err in not having these votes counted.

The next ballot in contention "contains a retracing of the X mark and it contains some parallel lines." The trial court ruled that the parallel lines were inadvertently done and did not constitute a distinguishing mark, and that the X was a retracing. While two Xs in one party circle have been held to invalidate a ballot in *Lorch, supra,* the making of inadvertent marks or a re-

tracing the X seems sanctioned by I.C. 3–1–25–1 in that they do not constitute distinguishing marks.

Neither did the trial court err in excluding the ballots marked with a checkmark instead of an X. *Dobbyn, supra.* IND. CODE 3–1–25–18 now allows the use of checkmarks, however, this statute did not take effect until January 1, 1984, several weeks after the election at issue in this appeal.

As a result of the foregoing, the trial court did not err in declaring Newkirk as the winner.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.

---

1. Fultz's issues 3, 4, 7, 8, 9, 10, 11, and 12.